**SIGNED this 18 day of May, 2016.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **In re:** | * | |
| **TIMOTHY DUANE PATTON,** | * | Chapter 7 |
| Debtor, | * | Case Number: 16-40141- JTL |
| | * | |
| **TIMOTHY DUANE PATTON,** | * | |
| | * | |
| Movant, | * | |
| | * | **Contested Matter** |
| v. | * | |
| | * | |
| **QUICK LOAN COMPANY,** | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

This contested matter comes before the Court on a Motion for Turnover of Property (the "Motion") by the Movant, the Debtor. In his Motion, the Debtor sought the turnover of garnished wages received by the Respondent, Quick Loan Company ("Quick"), after the filing of his bankruptcy petition. Additionally, the Debtor sought the turnover of garnished wages being held by the Municipal Court of Columbus ("Municipal Court") after the filing of his petition. On

1

April 27, 2016, the Court held a hearing on the Motion. On that same day, the Court entered an order granting the Debtor's Motion. In that order, the Court made a finding that funds in the amount of $303.97 held by the Clerk of Municipal Court of Columbus (the "Clerk") on the petition date and subsequently paid to Quick were property of the bankruptcy estate subject to turnover. At the request of counsel, the Court issues the following memorandum opinion to resolve the conflict between this finding and earlier decisions by this Court and this Judge.

Proceedings regarding the turnover of property of the bankruptcy estate are core proceedings under 28 U.S.C. § 157(b). Furthermore, the parties have consented to the Court's retaining jurisdiction to issue a memorandum opinion to further explain its decision.

**Background**

The parties stipulated to facts, and the Court took judicial notice of documents filed with the Court. The Debtor filed a petition for Chapter 7 relief on February 24, 2016. On that same day, the Debtor's counsel notified Quick of the petition and requested that the garnishment action against the Debtor in Municipal Court be dismissed. However, Quick did not dismiss the garnishment action. After the filing of the petition, Quick received $303.97 of the Debtor's wages, which were garnished prior to the filing of the petition. At the time of the Motion, the Clerk continued to hold an additional sum of $435.48 of wages earned postpetition.

On March 22, 2016, the Debtor filed the Motion. Quick filed a response in opposition on April 15, 2016. In its response, Quick stated that it submitted an order to Municipal Court for the release of the $435.48 as erroneously withheld from the Debtor. On April 27, 2016, the same day as the hearing, the Debtor amended his Schedules B and C to include the $303.97 as personal property and to claim those funds as exempt. Quick has stipulated that it will not object

2

to the Debtor's Claim of Exemption to the funds and will not require the Debtor to file a motion to avoid the lien as a predicate for turnover.

**Discussion**

The Debtor argued that he is entitled to all his garnished wages not paid to Quick prior to the filing of his petition. Furthermore, he argued that the continued retention of such funds by Quick was in violation of the automatic stay because such funds were property of the estate. Quick argued that funds garnished from wages prepetition were not property of the estate because the Debtor lost interest in the funds upon service of the summons of garnishment.

Pursuant to section 541(a) of the Bankruptcy Code,[1] "[t]he commencement of the case … creates the bankruptcy estate." 11 U.S.C. 541(a). The filing of a petition commences a voluntary bankruptcy case. 11 U.S.C. § 301(a). Property of the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

In Georgia, a garnishment process is initiated by service of the summons of garnishment and an affidavit by a judgment creditor upon a garnishee (the employer in this case). O.C.G.A. § 18-4-20(b). At that time, all debts owed by the garnishee to the defendant-debtor at the time of service of the summons and accruing thereafter are subject to garnishment. *Id.* A lien attaches to garnished funds upon service of the summons. *Id.*; *Askin Marine Co. v. Conner (In re Conner)*, 733 F.2d 1560, 1562 (11th Cir. 1984). After being serve with the summons, the garnishee must answer the affidavit, stating what wages are subject to continuing garnishment. O.C.G.A. § 18-4-113(a)(1). The defendant-debtor has the right to oppose the judgment creditor's garnishment

---

[1] All statutory references hereinafter and not otherwise denoted are to Title 11 of the United States Code, which is referred to as "the Bankruptcy Code."

3

affidavit by filing a traverse. O.C.G.A. §§ 18-4-65, -93.  The defendant-debtor may become a party to the garnishment action by filing a traverse "at any time before a judgment is entered on the garnishee's answer or before money or other property subject to garnishment is distributed." O.C.G.A. § 18-4-93.[2]

Quick relied on this Court's rulings in *Flournoy v. Pate (In re Antley)*, 18 B.R. 207 (Bankr. M.D. Ga. 1982) and *Williams v. Account Control Services (In re Williams)*, No. 96-40749 (Bankr. M.D. Ga. Aug. 26, 1996).[3]  In these cases, this Court found that funds representing the debtor's prepetition wages withheld from the debtor pursuant to a garnishment action were not property of the estate. *In re Antley*, 18 B.R. at 211; *Account Control Services*, No. 96-40749, at 4.

In *In re Antley*, this Court reasoned that the debtor has no interest in garnished funds at the commencement of the case if the debtor failed to assert any interest in the funds prior to the order of relief. 18 B.R. at 211.  The defendant-debtor in a garnishment action may assert his interest in garnished wages by filing a traverse and challenging the plaintiff-creditor's judgment. *Id*. at 211-12.  However, this legal interest cannot become property of the estate if the debtor does not assert it in the garnishment court or the bankruptcy court. *Id.*

In *Williams v. Account Control Services (In re Williams)*, this Court determined that the debtor's interest in wages expires once the garnishment lien attaches to such funds. No. 96-40749, at 4.  The lien attaches to garnished funds at the time the summons of garnishment is served upon the garnishee. *Id.*  Therefore, the debtor no longer has any interest in his wages

---

[2] The 153rd Georgia General Assembly amended the Georgia Garnishment law.  The bill proposing the amendment was adopted on April 12, 2016. S.B. 255, 153d Leg., Reg. Sess. (Ga. 2015-2016).  The Court did not analyze this amendment because it did not go into effect until thirty days after approval by the Governor. *Id.*  The Motion was filed and the hearing was held prior to the effective date.

[3] *Williams v. Account Control Services (In re Williams)* is an unpublished opinion by this Court.  It will be short cited as *Account Control Services* for the remainder of this opinion to avoid confusion with the case from the Bankruptcy Court for the Northern District of Georgia, *In re Williams*, 460 B.R. 915 (Bankr. N.D. Ga. 2011).

earned prepetition upon service of the garnishment summons. *Id.* Because the debtor does not have an interest in the garnished wages, the funds cannot become property of the estate. *Id.*

In *In re Shubert*, the court held contrary to those opinions and concluded that wages that had been garnished prepetition but held by the garnishment court at the time of the filing of the petition were property of the estate. 525 B.R. 536, 542 (Bankr. M.D. Ga. 2015). The court relied on a line of cases out of the Bankruptcy Court for the Northern District of Georgia, which reasoned that the bankruptcy estate retains an interest in the wages held by the clerk if the debtor had the right to file a traverse in the garnishment action prior to filing the petition. *Id.* at 540-41 (citing *Cochran v. Douglas Winair Co. (In re Cochran)*, 2014 WL 1277889, at *2 (Bankr. N.D. Ga. Feb. 10, 2014); *Bowen v. Thompson (In re Thompson)*, 2013 WL 8214644, at *3 (Bankr. N.D. Ga. April 30, 2013); *In re Williams*, 460 B.R. 915, 922 (Bankr. N.D. Ga. 2011)).

In *In re Williams*, the Bankruptcy Court for the Northern District of Georgia analyzed the debtor's interest in garnished wages in determining whether the debtor was entitled to such funds as exempt property. 460 B.R. at 917. The court held that complete title to garnished funds did not pass from the debtor to the creditor prior to filing her petition despite the attachment of the creditor's lien on the funds upon service of the garnishment summons. *Id.* at 923. The creditor relied on *In re Conner*, 733 F.2d 1560 (11th Cir. 1984), to argue "that the Debtor lost all interest in the funds when the wages were earned." *In re Williams*, 460 B.R. at 921.

In *In re Conner*, the Eleventh Circuit concluded that a payment of garnished funds made inside the preference period under § 547(b)(4)(A) was not a voidable preference. 733 F.2d at 1561-62. The court determined that the actual transfer of the debtor's interest in the garnished funds takes place when the garnishee is served with the summons of garnishment, at which point

5

the lien attaches to such funds. *Id.* Because service of the summons occurred outside the preference period, the transfer was not a voidable preference. *Id.*

The Eleventh Circuit "did not address whether the debtor retained an interest in [garnished wages] after the attachment of the lien." *In re Williams*, 460 B.R. at 921. Furthermore, the court made no determination that the attachment of a lien terminated all interests of the debtor in garnished wages. *Id.* The *In re Williams* court declined to read *In re Conner* to hold that the debtor's interest terminated upon the attachment of the lien. *Id.* at 922. Interpreting *In re Conner* to hold such would create an "oxymoron" because a lienholder "cannot hold a lien on its own property." *Id.* Therefore, a debtor retains an interest in the garnished funds after the lien attaches. *Id.* at 923.

Relying on the analysis in *In re Williams*, the *In re Shubert* court held the defendant-debtor in a garnishment action retains title to garnished wages held by the garnishment court until such wages are distributed to the judgment creditor. *In re Shubert*, 525 B.R. at 541. Title to garnished wages does not transfer upon service of the garnishment summons. *Id.*

This Court now finds the reasoning in *In re Shubert* and *In re Williams* to be persuasive. Accordingly, this Court now holds that funds representing prepetition wages held by the clerk of the garnishment court after the filing of a petition are property of estate. The attachment of the lien on such funds does not transfer the debtor's complete interest in the funds; the debtor retains title to garnished wages until such funds are distributed to the judgment creditor.

## Conclusion

At the time the Debtor filed his petition, he had the right to file a traverse to challenge the garnishment. The Debtor had this right because $303.97 of the Debtor's garnished wages was

6

being held by the Clerk and had not been distributed to Quick at the time the Debtor filed his petition. The funds became property of the estate because the Debtor retained title to the funds despite Quick's lien attaching to the funds at the time of service of the garnishment summons. Therefore, the funds paid postpetition by the Clerk to Quick are subject to turnover because they are property of the estate. An order has already been entered, granting the Debtor's Motion.